**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KENNETH CHIDESTER and MARY CHIDESTER, individually and as parents and next of kin to KEVIN CHIDESTER, deceased; and KENNETH CHIDESTER, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08-CV-776-TCK-PJC |
| KAZ, INC., a foreign corporation, | ) ) | |
| Defendant. | ) ) ) | |

**OPINION AND ORDER**

Before the Court is Plaintiffs' Motion to Remand (Doc. 18).

**I.     Factual Background**

This case was filed in the District Court of Creek County, State of Oklahoma ("Creek County District Court"), on February 9, 2006 by (1) Kenneth Chidester and Mary Chidester, individually and as parents and next of kin to Kevin Chidester, deceased; and (2) Kenneth Chidester ("Plaintiffs"). Plaintiffs' claims arise out of a fire occurring on February 10, 2004, during which Kenneth Chidester was injured and Kevin Chidester was killed. Plaintiffs originally sued two Defendants: (1) Kaz, Inc. ("Kaz"), a foreign corporation, alleging that the fire was a direct result of an unreasonably dangerous and defective oil-filled radiator heater sold by Kaz; and (2) Indian Electric Cooperative, Inc. ("IEC"), an Oklahoma Corporation, alleging that IEC was negligent in

its failure to inspect, service, and monitor their facilities and equipment. (*See* Pet., Ex. 1 to Record on Removal.)[1]

On February 9, 2007, exactly one year following commencement of the action, Kaz removed the case to the Northern District of Oklahoma ("First Removal"), alleging that the amount in controversy exceeded $75,000 and that IEC was fraudulently joined, such that the Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The case was assigned to the Honorable Claire V. Eagan ("Judge Eagan"). Judge Eagan granted Plaintiffs' motion to remand, holding that (1) Kaz established by a preponderance of the evidence that the amount in controversy exceeded $75,000, but that (2) Kaz did not carry its "heavy burden" of proving that IEC was fraudulently joined. *See Chidester ex rel. Chidester v. Kaz, Inc.*, No. 07-CV-84-CVE-PJC, 2007 WL 1087728, at * 7 (N.D. Okla. April 9, 2007). Judge Eagan rejected Kaz's argument that Plaintiffs lacked sufficient evidence supporting its substantive claim against IEC, reasoning that "discovery is not completed and plaintiffs should be given a full opportunity to locate evidence in support of their claims." *Id.* at * 6. Judge Eagan also rejected Kaz's argument that Plaintiffs' failure to identify an expert witness in support of its claims against IEC mandated a finding of fraudulent joinder, reasoning that "[t]here is no legal basis for this Court to conclude that plaintiffs are forever bound by their January 31, 2007 expert disclosures" and that Kaz had "not shown that plaintiffs have no possibility of producing expert testimony in support of their claims against [IEC]." *Id.* at * 7. On April 9, 2007, the case was remanded to Creek County District Court.

---

[1] With its Notice of Removal ("Removal Notice"), Kaz submitted two volumes of exhibits labeled "Exhibits to Record on Appeal," which consists of 108 exhibits comprising the state-court record. Kaz also submitted an "Index of Records on Appeal," which was attached to its Notice of Removal. For purposes of this Order, the Court refers to these exhibits as "Record on Removal."

Following remand, on July 12, 2007, Plaintiffs filed a First Amended Petition, repeating the allegations explained above and naming two additional defendants ("New Defendants"). New Defendants moved to dismiss based on the statute of limitations. The court denied the motions to dismiss and allowed Plaintiffs to file a Second Amended Petition. (*See* Court Minute, Ex. 52 to Record on Removal.) On November 6, 2007, Plaintiffs filed a Second Amended Petition, repeating the allegations against Kaz, IEC, and New Defendants and adding factual allegations regarding the first discovery of their claims against the New Defendants. On January 24, 2008, the court granted New Defendants' renewed motions to dismiss, finding that Plaintiffs' claims against them were barred by the statute of limitations. Thus, following January 24, 2008, the case proceeded against Kaz and IEC, the two original Defendants.

In the summer and fall of 2008, the parties conducted expert depositions. None of Plaintiffs' three experts provided any opinion or evidence related to the negligence of IEC. (*See* Aronstein Dep. at 73:10-15, Ex. 106 to Record on Removal (stating that he was not asked to provide any opinion as to IEC); Smith Dep. at 14:5-17, Ex. 107 to Record on Removal (stating that he did not intend to offer any criticism of IEC and that IEC was not mentioned in his report); Block Dep. at 6:22-7:5 (stating that he was not asked to do any work or express any opinions as to IEC).) Plaintiffs took the deposition of IEC's expert, who testified that he did not find anything wrong with the electric service up to the meter. (*See* Rhoten Dep. 17:19-21, Ex. 105 to Record on Removal.) On November 3, 2008, Kaz and IEC filed motions for summary judgment. Plaintiffs responded to Kaz's motion. Rather than respond to IEC's motion, Plaintiffs dismissed their claims against IEC without prejudice on December 1, 2008.

On December 31, 2008, Kaz filed its Removal Notice in this case ("Second Removal"), alleging that the Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and the only remaining parties – Plaintiffs and Kaz – are of diverse citizenship. On January 5, 2009, Plaintiffs filed the pending Motion to Remand, asserting two principal arguments: (1) Kaz's removal is untimely because it was filed more than year following the commencement of the case, *see* 28 U.S.C. § 1446(b) ("§ 1446(b)"); and (2) Kaz's removal is untimely because it was filed more than thirty days after Kaz's receipt of an amended pleading, motion, order, or other paper from which it could first be ascertained that the case was removable, *see id*. Plaintiffs do not dispute that the remaining parties are of diverse citizenship and that the amount in controversy exceeds $75,000. The only issue is whether the Second Removal was timely under § 1446(b).

**II.   Analysis**

Federal removal jurisdiction is statutory in nature and is to be strictly construed. *See Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-09 (1941). "There is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). As the removing party, the defendant bears the burden of proving federal jurisdiction, including compliance with the removal statute's timeliness requirements. *Lexington Market, Inc. v. Desman Assocs.*, 598 F. Supp. 2d 707, 709 (D. Md. 2009) (citing *Marler v. Amoco Oil Co.*, 793 F. Supp. 656, 658-59 (E.D.N.C.1992)).

In relevant part, § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

> removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action*.

(emphasis added). Thus, Kaz bears the burden of proving that the Second Removal, which is based on diversity jurisdiction, did not violate (1) the one-year outer time limitation, which applies only in diversity cases that were not initially removable ("one-year time limit"); and (2) the thirty-day time limitation, which applies in all types of cases that were not initially removable. Because the Court concludes that Kaz's Second Removal was outside the one-year time limit applicable to certain diversity cases, the Court does not reach Plaintiff's second argument regarding the thirty-day time limit.

Plaintiffs commenced this action on February 9, 2006.[2] The Removal Notice was filed on December 31, 2008, approximately two years and eleven months following commencement. Kaz argues that the Court should toll the one-year time limit based on equitable considerations. Specifically, Kaz argues that relevant equitable considerations include: (1) the "fraudulent joinder" of former party IEC, evidenced by Plaintiffs' failure to pursue any significant discovery from IEC following remand and Plaintiffs' failure to ever provide expert testimony in support of its claims against IEC;[3] and (2) the clear evidence of gamesmanship and forum manipulation by Plaintiffs.

---

[2] Although the Petition was twice amended, amendments to pleadings do not, as a general rule, restart the one-year clock. *See Codner v. Am. Home Products, Corp.*, 123 F. Supp. 2d 1272, 1274 (W.D. Okla. 2000) (explaining that majority of cases "which have construed § 1446(b) in this context hold that an amended complaint does not restart the clock for purposes of the one-year limitation on removal") (collecting cases). Even if such amendments restarted the clock, which they did not, the last amendment to the Petition occurred on November 6, 2007, which is still more than one year prior to Kaz's Second Removal.

[3] There has been no finding of "fraudulent joinder" by this Court or any other court. In fact, Judge Eagan rejected Kaz's fraudulent joinder argument upon the First Removal. Kaz contends, however, that during the proceedings on remand, it became apparent that IEC was in

5

The Court rejects Kaz's argument in support of tolling the one-year time limit for three reasons. First, the Court holds that the one-year time limit must be strictly construed and is not subject to equitable considerations. Cases diverge on whether the one-year time limit must be strictly enforced or is subject to equitable considerations. *See Caudill v. Ford Motor Co.*, 271 F. Supp. 2d 1324, 1326-27 (N.D. Okla. 2003) (explaining divergent positions and collecting cases) (N.D. Okla. 2003); 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure* § 3732 nn. 81-82 & accompanying text (3d ed. 1998) [hereinafter *Federal Practice and Procedure*] (collecting cases at note 81 that strictly construe one-year time limit and collecting cases at note 82 that allow equitable exceptions to the one-year time limit). The Tenth Circuit has not adopted an equitable exception to the one-year time limit. In the absence of clear Tenth Circuit authority, this Court adopts the reasoning set forth by Judge Eagan in *Caudill v. Ford Motor Company*, 271 F. Supp. 2d 1324, 1327 (N.D. Okla. 2003), in which Judge Eagan held that "the one year time limitation should be strictly interpreted and enforced" and that "[c]ases involving fraudulent joinder are no exception."[4]

As did Judge Eagan, this Court acknowledges that a strict interpretation of the one-year time limit sanctions and even invites certain "tactical chichanery" by plaintiffs seeking to avoid a federal forum. *See id.* However, this potential for forum manipulation was contemplated by Congress at the time of passing the 1988 amendments to § 1446(b). *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.12 (11th Cir. 1994) ("The Commentary to the 1988 Revisions of 28 U.S.C. § 1446(b) shows that congress knew when it passed the one year bar on removal that some plaintiffs would

---

fact fraudulently joined.

[4] Counsel for Plaintiffs in this case also represented the plaintiff in *Caudill*.

6

attempt to defeat diversity by fraudulently (and temporarily) joining a non-diverse party. In that case, as long as there is some possibility that a non-diverse joined party could be liable in the action, there is no federal jurisdiction. But, under section 1446(b), if, after one year, the plaintiff dismisses the non-diverse defendant, the defendant cannot remove. . . . Congress has recognized and accepted that, in some circumstances, plaintiff can and will intentionally avoid federal jurisdiction."). Therefore, this Court agrees with Judge Eagan and other district courts holding that it is for Congress to rewrite § 1446(b) if it wishes to curb forum manipulation, and not for courts to recognize equitable exceptions to the one-year time limit. *See Caudill*, 271 F. Supp. 2d at 1327.

Second, the Court rejects Kaz's attempt to factually distinguish *Caudill*. In *Caudill*, Judge Eagan reasoned:

> Ford has not overcome the presumption. It could have made its fraudulent joinder argument before the end of the statutory period, especially given plaintiffs' inertia with regard to discovery directed toward Sunday. When it became apparent that plaintiffs were not pursuing their case against Sunday, Ford could have (1) moved for dismissal of Sunday as a fraudulently-joined party in state court; (2) taken discovery in state court to show fraudulent joinder; or (3) removed within one year and made its fraudulent joinder argument to this Court. Ford knew the one-year clock was ticking, yet it failed to take action. There is no good reason for a federal court to "create" removal jurisdiction outside the one-year period when the issue could have been addressed before the deadline set by Congress. Even if Ford were not successful on its fraudulent joinder argument, at least it would have forced plaintiffs' hand and perhaps eliminated some of the gamesmanship that § 1446(b) permits in its present form. As it stands, the Court is constrained by the plain language of the statute.

*Id.* at 1327-28 (internal citations omitted). Kaz argues that *Caudill* is not controlling because, unlike the defendant in *Caudill*, Kaz initially sought removal within the one-year time limit.

Kaz is correct that it initially removed on the basis of fraudulent joinder by the required deadline, thereby giving itself an opportunity to at least litigate the issue in federal court. However, unfortunately for Kaz, one year following commencement of this litigation, the case was not in a

7

procedural posture whereby Judge Eagan could conclusively find that IEC had been fraudulently joined. Subsequently, the one-year deadline passed. At this point in time, Plaintiffs "won" the battle of the forums and was free to dismiss IEC without losing its chosen forum. The Court does not read *Caudill* to reason that, if a defendant has sought removal based on fraudulent joinder within the one-year time limit, this is a basis for equitable tolling of the one-year time limit. Although the court in *Caudill* commented on a more advisable route – namely, to file a timely notice of removal based on fraudulent joinder and attempt to "force[] plaintiffs' hand" before expiration of the one-year time limit – the court in no way indicated that taking such route would justify equitable tolling if the plaintiff dismissed the alleged fraudulently joined defendant outside the one-year time limit. In fact, *Caudill* clearly holds otherwise by adopting a bright-line rule of strict construction. *See id.* at 1327.

Finally, assuming the Tenth Circuit were to follow the Fifth Circuit and district courts holding that equitable considerations may toll the one-year time limit, *see, e.g., Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003), this is not a suitable case for equitable tolling because almost three years elapsed between commencement and the Second Removal. This is not a case in which the one-year time limit has barely expired; the parties have litigated in state court for almost three years. Kaz has filed its motion for summary judgment, and the state-court judge has issued numerous discovery and dispositive rulings, evidenced by the voluminous Record on Removal. Moreover, this is not a case in which the alleged fraudulently joined defendant was dismissed days following expiration of the one-year time limit. Plaintiffs expended resources in deposing IEC's expert in the fall of 2008, and IEC remained a party to the case until December 1, 2008, over one year following expiration of the one-year time limit in November 2007. The Court finds that the "substantial progress" made in state court during the three-year course of proceedings

would outweigh any equitable considerations based on fraudulent joinder of IEC or tactical maneuvering by Plaintiffs, even if the Court were to consider the equities in ruling on the present motion.  *See* H.R. Rep. No, 100-889 at 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032 (explaining that 1988 amendments to § 1446(b) were meant to "reduc[e] the opportunity for removal after substantial progress has been made in state courts"); *see also Tedford*, 327 F.3d at 425 (equitable tolling applied where removal notice filed ten days following expiration of the one-year time limit).

Plaintiffs' Motion to Remand (Doc. 18) is GRANTED.  The Court Clerk is directed to REMAND this matter to Creek County District Court.

IT IS SO ORDERED this 19th day of August, 2009.

_____

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**